UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOY MARIE OREY,

    Plaintiff,

    v.

JOHN POTTER, Postmaster General, et al.,

    Defendants.

CIV-S-04-2100 DFL CMK

MEMORANDUM OF OPINION AND ORDER

On October 6, 2004, plaintiff Joy Marie Orey, a U.S. Postal Service employee, filed this suit against defendants, alleging workplace sexual harassment.  Orey took no further action in the case and did not respond to a February 11, 2005 order to show cause.  On March 18, 2005, the case was dismissed for failure to prosecute.  Orey moves to set aside the dismissal under Fed. R. Civ. P. 60(b) and reinstate her case.  The court set the matter for oral argument, but neither Orey nor counsel appeared.

1

"A district court's decision under Rule 60(b) not to reinstate a case dismissed for want of prosecution is discretion piled on discretion." Tango Music, LLC v. DeadQuick Music, Inc., 348 F.3d 244, 248 (7th Cir. 2003) (quotations omitted); Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985). While Rule 60 relief is to be liberally applied and default judgments are generally disfavored, Pena, 770 F.2d at 814, "a motion under [Rule 60(b)] ... must be clearly substantiated by adequate proof" demonstrating that relief is warranted. Thomas v. Colo. Trust Deed Funds, Inc., 366 F.2d 136, 139 (10th Cir. 1966).

In order to vacate a final order under Rule 60(b)(1), the moving party must show that the order was based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Whether the neglect is excusable is an equitable determination based on four factors: (1) potential for prejudice to the opposing party, (2) "the length of the delay and its impact on judicial proceedings," (3) "the reason for the delay," and (4) "whether the movant acted in good faith." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395, 113 S.Ct. 1489 (1993); see Bateman v. United States Postal Serv., 231 F.3d 1220, 1223-24 (9th Cir. 2000) (holding that the Pioneer factors apply to Rule 60(b)(1) motions).

Orey's failure to present evidence to satisfy the third factor justifies denial of Rule 60(b)(1) relief in this case. Orey failed to serve process on the defendants within the 120-day

time limit of Rule 4(m).  In her moving papers, Orey claims that she served process on one defendant on December 29, 2005, but no proof of service or other evidence of service has been filed with the court.[1]  Given the lack of evidence and the failure to appear at the oral hearing, the court rejects the claim that one defendant was timely served and concludes that none of the defendants was served within the 120 day period.

Absent a "persuasive justification," an attorney's failure to follow a clear legal rule is not "excusable neglect" under the Pioneer standard.  Speiser, Krause & Madole P.C. v. Ortiz, 271 F.3d 884, 886 (9th Cir. 2001) (denying Rule 60(b)(1) relief because attorney did not offer "persuasive justification" for failing to follow Rule 81(c)); Kyle v. Campbell Soup Co., 28 F.3d 928, 931-32 (9th Cir. 1994) (denying Rule 60(b)(1) relief where "counsel has not presented a persuasive justification for his misconstruction of nonambiguous rules").

Orey does not offer a persuasive justification for her failure to serve process on any defendant within the Rule 4(m) 120-day time limit.  Without mentioning "excusable neglect," Pioneer, or any leading cases, Orey instead offers an explanation for her failure to respond to the court's February 11th order to show cause.  Orey's attorney avers that because of a mail problem involving a substitute mailman, he did not receive the order to

---

[1] The court's order setting status required Orey to file a proof of service with the court.  Orey did not do so.  Moreover, counsel's declaration states that he is attaching a proof of service to the declaration; however, none was attached.

1 show cause.  (Hawes Decl. at 1-2.)  Even if true, this
2 explanation is not "persuasive justification" for plaintiff's
3 failure to serve process on any defendants within 120 days of the
4 filing the complaint.
5     Because plaintiff has not carried her burden of
6 demonstrating that her violation of the service rule was
7 excusable, plaintiff's motion is DENIED.
8     IT IS SO ORDERED.
9 Dated: 8/18/2005

*/s/ David F. Levi*

DAVID F. LEVI
United States District Judge